UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CAROLYN D. MCBRIDE | § |
| | § |
| | § |
| v. | § CIVIL NO. 4:22-CV-985-SDJ |
| | § |
| MARTIN O'MALLEY, | § |
| *Commissioner of Social Security* | § |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 6, 2024, the report of the Magistrate Judge (the "Report"), (Dkt. #16), was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security Administration be affirmed. On March 20, 2024, Plaintiff filed Objections, (Dkt. #17), to the Report. The Court has conducted a de novo review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

I.

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days of the report and recommendation. 28 U.S.C. § 636(b)(1). To challenge a magistrate judge's report, a party must specifically identify those findings to which she objects. *See id.* Frivolous, conclusory, or general objections need not be considered by the district judge. *Nettles v.*

1

*Wainwright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

## II.

In her objections, McBride largely rehashes arguments considered and rejected by the Magistrate Judge in the Report. First, McBride reasserts her argument that the residual functional capacity ("RFC") determination is "incomplete" because it does not correctly address her hand tremors. (Dkt. #17 at 2–5). McBride argues that "[t]he ALJ may rely upon other evidence . . . to modify an RFC opinion from a treating or examining source. However, without such medical opinion to begin with, the ALJ is not permitted to 'play doctor' and substitute his own medical opinion." (Dkt. #17 at 4). McBride further asserts that there is no evidence cited by the ALJ supporting his finding that McBride can frequently perform handling and fingering. (Dkt. #17 at 4).

2

This is simply not true. As provided in the Report, "[t]he Fifth Circuit has held that 'the absence of a medical source statement about a plaintiff's ability to work does not, by itself, make the record incomplete.'" (Dkt. #16 at 8) (citing *Gutierrez v. Barnhart*, No. 4-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005)). The Report identifies the medical evidence and testimony from McBride that is cited by the ALJ in his RFC determination and supports his conclusion that McBride can "no more than frequently perform handling and fingering." (Dkt. #16 at 9–11). Accordingly, the Report correctly concluded that "[a]lthough there was no medical opinion evidence in the record regarding the effect of the tremors on Ms. McBride's ability to perform work . . . the ALJ's determination is supported by substantial evidence." (Dkt. #16 at 11).

Next, McBride again asks the Court to reweigh the evidence and substitute its own judgment for that of the ALJ's. (Dkt. #17 at 5–8). McBride again identifies limitations that she believes the ALJ should have adopted into his RFC determination. (Dkt. #17 at 5–8). Nonetheless, as explained in the Report, "ALJ Morgan was not required to state the RFC limitations in terms that McBride prefers 'so long as the decision shows that the ALJ considered those limitations in reaching the RFC determination.'" (Dkt. #16 at 19) (citing *McBride v. Comm'r, SSA*, No. 22-cv-290, 2023 WL 6367712, at *11 (E.D. Tex. Sept. 13, 2023)). The Report identifies each of the medical opinions discussed in the RFC determination and finds that the ALJ's persuasiveness determination as to each opinion was supported and consistent. (Dkt. #16 at 15–19). Further, as provided in the Report, the limitations that the ALJ

3

incorporated into the RFC determination were supported by the medical opinion evidence that he found persuasive. (Dkt. #16 at 18–19).

McBride also reasserts her argument that, because the ALJ identified only sedentary jobs in step five, the Court was required to find McBride disabled due to her age under the Medical-Vocational Guidelines found in Appendix 2 to Subpart P of Part 404. (Dkt. #17 at 8). As explained in the Report, McBride misunderstands how Appendix 2 is applied. (Dkt. #16 at 20). The ALJ's RFC determination did not limit McBride to sedentary work. (Dkt. #16 at 5). Rather, the RFC determination found that McBride could perform a full range of work at all exertional levels with a limitation for hand tremors. (Dkt. #16 at 5). Thus, as stated in the Report, "the ALJ did not err by not applying limitations exceeding those found in the RFC determination when applying the guidelines." (Dkt. #16 at 20).

Further, McBride again takes issue with the ALJ's identification of a significant number of jobs. (Dkt. #17 at 9). McBride reasserts her argument that the vocational expert used the "equal distribution" method and that the vocational expert's testimony is inconsistent with the source material which she claimed to rely upon. (Dkt. #17 at 9–10). However, as explained in the Report, the vocational expert did not use the equal distribution method. (Dkt. #16 at 21–22). The Report also addressed McBride's argument regarding the Job Browser Pro material and stated that "an ALJ does not have a duty to investigate and resolve apparent conflicts in the data of Job Browser Pro." (Dkt. #16 at 22) (citing *Hariman v. Comm'r, SSA*, No. 18-cv-377, 2019 WL 4727417, at *3 (E.D. Tex. Sept. 27, 2019) ("SSR 00-4p imposes an

4

affirmative duty on ALJs to investigate and resolve apparent conflicts with the DOT, not other sources of job information.")). Thus, as the Magistrate Judge concluded, the vocational expert explained her methodology which provided the ALJ an adequate basis for his reliance on her testimony. (Dkt. #16 at 22).

Finally, McBride argues for the first time in her objection that "[t]he Commissioner has further determined that skills cannot be transferred to unskilled work (Social Security Ruling 82-41)." (Dkt. #17 at 8). McBride did not make this argument, nor cite the Social Security Ruling 82-41 ("SSR 82-41"), in her brief. "New claims and issues may not . . . be raised for the first time in objections to a Report and Recommendation." *Andrews v. United States*, No. 4:10-CR-152(05), 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Accordingly, this argument is not properly before the Court.

Yet, even if this argument was properly before the Court, it would still fail. SSR 82-41 is designed to explain "the concepts of 'skills' and 'transferability of skills' and to clarify how these concepts are used in disability evaluation." SSR 82-41, 1982 WL 31389, at *1 (Jan. 1, 1982). However, as determined by the ALJ and the Magistrate, the table rules in Appendix 2 are not applicable to McBride as her RFC does not include a limitation in her exertional level. Therefore, McBride's reliance on the discussion of the transferability of skills in SSR 82-41 is similarly misplaced. Further, the concept of unskilled work necessarily does not require a finding that there be transferrable skills because the skills required to do the job "can be learned in 30 days or less" and, thus, an individual need not have any skills before beginning

5

the job. *See* 20 C.F.R. §§ 404.1568(a), 416.968(a); SSR 82-41, 1982 WL 31389, at *2 (Jan. 1, 1982); *Mann v. Kijakazi*, No. 4:21-CV-489-ALM-KPJ, 2022 WL 4477335 (E.D. Tex. Aug. 30, 2022), *report and recommendation adopted*, No. 421CV00489ALMKPJ, 2022 WL 4474145 (E.D. Tex. Sept. 26, 2022) ("A person does not gain work skills by doing unskilled jobs.").

Therefore, the Court, reviewing de novo, concludes that the Magistrate Judge's Report is correct and that McBride's objections are without merit.

### III.

For these reasons, Plaintiff's Objections, (Dkt. #17), are **OVERRULED** and the Magistrate Judge's Report, (Dkt. #16), is **ADOPTED** as the findings and conclusions of the Court.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 26th day of March, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE